UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Leonard Calderone, | Civil Action No.: 4:10-cv-1094 |
| Plaintiff, | |
| v. | |
| United Recovery Systems, LP; and DOES 1-10, inclusive, | **COMPLAINT** JURY |
| Defendants. | |

For this Complaint, the Plaintiff, Leonard Calderone, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Leonard Calderone ("Plaintiff"), is an adult individual residing Coventry, Rhode Island, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  The Defendant, United Recovery Systems, LP ("United"), is a Texas business entity with an address of 5800 North Course Drive, Houston, Texas 77072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by United and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  United at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.  The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,538.48 (the "Debt") to Capital One (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to United for collection, or United was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  United Engages in Harassment and Abusive Tactics

12. United called the Plaintiff numerous times per week.

13. United did not identify themselves when calling with the Plaintiff.

14. United called the Plaintiff at work.

15. The Plaintiff told United not to contact him at work because he is not allowed to receive calls there.

16. United continued to call the Plaintiff at work.

17. United called the Plaintiff and hung up when he answered.

18. United called the Plaintiff's sister and discussed the Debt.

19. United called the Plaintiff's mother-in-law and discussed the Debt.

20. The Plaintiff asked United to verify the Debt.

21. United failed to verify the Debt. Instead, United faxed a letter on their letterhead stating that the Plaintiff owed the Debt (Exhibit A).

22. United continued to contact the Plaintiff to collect the Debt although the Debt was not validated.

C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

29. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

30. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

31. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

32. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

33. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

41. The Defendants called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

42. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

43. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

47. To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show: (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

48. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with repeat phone calls, calls to the Plaintiff's sister and mother-in-law regarding the Debt, and deceptively trying to collect the Debt.

49. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Texas law requirements for an invasion of privacy.

6

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

54. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

55. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

7

57. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 5, 2010

        Respectfully submitted,
        By: __/s/ Diana P. Larson_____
        Diana P. Larson, Attorney-in-Charge
        Texas Bar No. 24007799
        Southern District of Texas Bar No. 24957
        The Larson Law Office, PLLC
        440 Louisiana, Suite 900
        Houston, Texas  77002
        Telephone:  (713) 221-9088
        Facsimile:  (832) 415-9762
        Email:  diana@thelarsonlawoffice.com

        Of Counsel To:
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666

        ATTORNEYS FOR PLAINTIFF

# EXHIBIT A

△ UNITED RECOVERY SYSTEMS LP

5800 NORTH COURSE DR
HOUSTON, TX 77072-1613

Address Service Requested

March 10, 2010

Creditor: Capital One Bank (USA), N.A.
Account: 5291152637651999
URS ID: 13988858 - IN - 617
Amount Due as of March 10, 2010: $4,538.48
Telephone: 866-787-0790, ext 2046

Leonard A Calderone
9 Lynn DR
Coventry, RI 02816-6542

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Please detach at perforation and return with your payment.

Dear Leonard Calderone:

This letter is being sent to you in response to your recent request.

Our records indicate that the balance of the above-referenced account is $4,538.48.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

*Mandy Pittman*
MANDY PITTMAN
866-787-0790 ext 2046

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our CONTACT CENTER, 5800 North Course Drive, Houston, TX 77072 or call us toll-free at (800) 326-8040 between 9:00 A.M. CST and 5:00 P.M. CST Monday-Friday.

You May Call Our Office 24 Hours a Day

20100310HL0003