**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| LEONARD CALDERONE, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No.:  4:10-cv-1094 |
| UNITED RECOVERY SYSTEMS, | : |
| | : |
| | : |
| Defendant. | : |
| | : |
| | : |

<u>**PLAINTIFF'S MOTION IN LIMINE TO BAR REFERENCE TO**</u>
<u>**PLAINTIFF'S ATTORNEYS' FEES**</u>

Plaintiff, Leonard Calderone ("Plaintiff"), by and through his attorneys, The Larson Law Office, PLLC and Lemberg & Associates, LLC, hereby submits his Motion in Limine to Bar Reference to Plaintiff's Attorneys' Fees.  In support thereof, Plaintiff states as follows:

1.      This cause was filed in part pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), and the Texas Debt Collection Practices Act (TDCPA"), both of which include fee shifting provisions inuring benefit to a prevailing consumer-debtor.  *See* 15. U.S.C 1692k; Tex. Fin. Code. §392.403.

2.      Any and all questions and reference to Plaintiff's attorneys' fees are irrelevant to Plaintiff's underlying claims.

3.      The probative value of providing information pertaining to Plaintiff's attorneys' fees to a jury is substantially outweighed by its prejudicial effect.

4.      The Ninth Circuit, in *Books v. Cook*, explained that the dissemination of information to the jury particular to a plaintiff's attorneys' fees in connection with a fee-

shifting provision constitutes prejudice warranting a new trial.  *Books v. Cook*, 938 F. 2d 1048 (9th Cir. 1991).  In particular, the court in *Books v. Cook* noted the importance of relevant policy considerations underlying fee-shifting provisions, and the according effect that  information regarding the same would have upon a jury.  *Id*. at 1051.  The Ninth Circuit explicitly discussed with reference to an almost identical fee-shifting provision include in the Civil Rights Act:

> **We have found no cases that discuss whether a jury may be informed of the possibility of an award of attorneys' fees. Nevertheless, we believe that the judge abused his discretion by providing the jury with this information**. Both the structure and purpose of § 1988 as well as a review of analogous circumstances convince us that an error was committed.

> **The award of attorneys' fees is a matter of law for the judge, not the jury**. Section 1988 states, in pertinent part, that " *the court,* in its discretion,  may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1988) (emphasis added). *See also Hensley v. Eckerhart,* 461 U.S. 424, 433-37, 103 S.Ct. 1933, 1939-41, 76 L.Ed.2d 40 (1983) (explaining the factors that *district courts* should take into account in determining reasonable fees). The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. **By informing the jury of the plaintiff's right to seek attorneys' fees under  § 1988, the court invited the jury  to  factor  in  a subsequent step-the court's    calculation   of    the    ultimate judgment-that had no relevance to the jury's determination of liability and damages**.

> \*       \*       \*

> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to  receive attorneys' fees might  lead the jury to offset the fees by reducing the damage award. **Even more    troubling, however, is the case where actual damages are small or nonexistent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for the defendant rather than allow the plaintiff's**

**attorney to recover fees**.

*Id*. at *1051 (emphasis added).

WHEREFORE, Plaintiff prays this Honorable Court enter an order barring questions or references to Plaintiff's attorneys' fees in this cause.

Dated: March 18, 2011

Respectfully submitted,

By: ___/s/ Erik V. Larson_____
Erik V. Larson, Attorney-in-Charge
Texas Bar No. 00791076
Southern District of Texas No. 27105
Diana P. Larson
Texas Bar No. 24007799
Southern District of Texas No. 24957
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2011, a true and correct copy of the foregoing Motion in Limine was filed electronically with the U.S. District Court for the Southern District of Texas.

_____/s/ Erik V. Larson_____

Erik V. Larson